NO. 07-10-00457-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL C

 



NOVEMBER
16, 2010

 



 

VANESSA ORNELAS, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 320TH DISTRICT COURT OF POTTER
COUNTY;

 

NO. 60,409-D; HONORABLE DON R. EMERSON, JUDGE



 



 

Before QUINN,
C.J., and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

On June
10, 2010, appellant, Vanessa Ornelas, was convicted
of committing the offense of possession of a controlled substance with intent
to deliver in a drug-free zone, and sentenced to incarceration in the Texas
Department of Criminal Justice, Institutional Division, for a period of five
years.  On November 4, 2010, appellant
filed her notice of appeal with the trial court.[1]  We dismiss for want of jurisdiction.

Unless a
defendant timely files a motion for new trial, a defendant must file a written
notice of appeal with the trial court clerk within 30 days after the date
sentence is imposed.  Tex. R. App. P. 26.2(a).  Therefore, appellant’s notice of appeal was
due on July 12, 2010.  Because
appellant’s notice of appeal was filed 114 days after it was due, this Court is
without jurisdiction over this appeal.  See
Olivo v. State, 918
S.W.2d 519, 522 (Tex.Crim.App. 1996).  Because this Court is without jurisdiction to
address the merits of this appeal, we have no authority to take any action
other than to dismiss the appeal.  See
Slaton v. State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998).

Accordingly,
the purported appeal is dismissed for want of jurisdiction.[2]

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

 

 

Do not publish.

 











[1] Appellant filed a letter addressed
to the Honorable Don R. Emerson that indicates that appellant desires to appeal
and that complies with the requirements of a notice of appeal.  See Tex.
R. App. P. 25.2(c).  This Court has deemed this letter to be a
notice of appeal.





[2]
Appellant may have recourse by
filing a post-conviction writ of habeas corpus returnable to the Texas Court of
Criminal Appeals for consideration of an out-of-time appeal.  See Tex.
Code Crim. Proc. Ann. art.
11.07 (Vernon Supp. 2010).